UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| William Benjamin Brown, | ) | C/A No. 9:15-1871-MGL-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Warden Mansukhani, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner is a federal prisoner serving his sentence at the Federal Correctional Institution in Estill, South Carolina. Proceeding pro se, Petitioner has filed a petition in which he appears to request that a writ of mandamus be issued ordering this court to grant his 28 U.S.C. § 2241 petition filed in a previous case, Brown v. Mansukhani, No. 9:14-cv-01355-MGL (D.S.C).[*]

In an Order dated May 25, 2015, Plaintiff was given twenty-one (21) days to bring his Complaint into proper form by paying the fees for filing ($350.00 filing fee and additional $50.00 administrative fee) or by completing, signing, and returning an Application to Proceed Without

---

[*]A federal court may take judicial notice of the contents of its own records. See Aloe Creme Labs., Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970). Petitioner appears to argue that his prior § 2241 petition should be granted because the respondent in that action did not file an answer denying Petitioner's allegations (such that Petitioner claims that his allegations should have been deemed admitted). However, the respondent in the § 2241 action filed a motion to dismiss (respondent's time to file a response or reply to the petition had been extended to September 22, 2014) on September 22, 2014. Brown v. Manukhani, No. 9:14-cv-1355-MGL (D.S.C), ECF Nos. 10, 13. When a motion to dismiss under Rule 12 is filed, the time for the responsive pleading is altered, such that if the court denies the motion to dismiss, "the responsive pleading must be served within 14 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). On May 22, 2015, the Honorable Mary G. Lewis, United States District Judge, granted the respondent's motion to dismiss and the § 2241 petition was dismissed. Id., ECF No. 22. Petitioner has filed an appeal to the Court of Appeals for the Fourth Circuit, which is currently pending. See id., Notice of Appeal, ECF No. 25.



Prepayment of Fees and Affidavit (Form AO 240) with a completed Financial Certificate. Plaintiff was specifically admonished that if he failed to provide the items specified within the period prescribed in the Order, the case might be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure.

Plaintiff has failed to complete his proper form process, he has not submitted any further communication with the Court concerning this action, and Respondent has not been served. It is recommended that this case be dismissed, without prejudice, for the failure of Plaintiff to comply with this Court's Order or to properly prosecute his claims. See Fed. R. Civ. P. 41(b); Davis v. Williams, 588 F.2d 69, 70 (4th Cir. 1978); Chandler Leasing Corp. v. Lopez, 669 F.2d 919, 920 (4th Cir. 1982); Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989), cert. denied sub nom., Ballard v. Volunteers of Am., 493 U.S. 1084 (1990)[Magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning].

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

June____, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).



3